WASHINGTON BEMAN v. AARON WESSELS.

*Sunday contract—Agent to deliver note.*

1. The obligation to repay a loan is not defeated by the fact that the note on which it is borrowed was made on Sunday or that authority to deliver it was given on that day, so long as the lender knew nothing of these facts.

2. It is presumed conclusively that one of two joint makers of a note had authority from the other to deliver it, if he does so.

Error to Gratiot. (Hart, J.) April 23.—April 30.

ASSUMPSIT. Defendant brings error. Affirmed.

*Samuel J. Scott* for appellant.

*Newell Leonard* and *Sawyer & Knowlton* for appellee. A note signed on Sunday, but delivered on a week day is valid: *Vinton v. Peck* 14 Mich. 291; *Hall v. Parker* 37 Mich. 594; *Hilton v. Houghton* 35 Me. 143; *Flanagan v. Meyer* 41 Ala. 132; *Cumberland v. Mayberry* 48 Me. 198; *Allen v. Deming* 14 N. H. 139; *Marshall v. Russell* 44 N. H. 509; *Lovejoy v. Whipple* 18 Vt. 379; *Com. v. Kendig* 2 Penn. St. 448; *Clough v. Davis* 9 N. H. 500; *Adams v. Gay* 19 Vt. 358; *Beitenman's Appeal* 55 Penn. St. 183; *Gilbert v. Vachon* 69 Ind. 372; *Harris v. Morse* 49 Me. 432; *Kaufman v. Hamm* 30 Mo. 387; 2 Pars. N. & B. 626; *Pope v. Linn* 50 Me. 83; *Hill v. Dunham* 7 Gray 543; it is delivery that completes a contract, and if the bill or note be delivered on another day, it will be valid, though dated and signed on Sunday; *Tuckerman v. Hinkley* 9 Allen 452; *Finney v. Callendar* 8 Minn. 42; *Hilton v. Houghton* 35 Me. 143; *Brimhall v. Van Campen* 8 Minn. 13; *Bank v. Thompson* 42 N. H. 370; and parol evidence is competent to show that it was so delivered on a different day notwithstanding its date as of Sunday: 1 Dan. Neg. Inst. § 69.

COOLEY, C. J. The only question in this case is whether the defendant is liable upon a promissory note under the following circumstances:

On a day prior to February 27, 1876, Samuel B. Wessels,

accompanied by this defendant, went to the house of Lawton B. Pulling in Ingham county, and arranged for a loan of $1200 from him, for which their joint note was to be given. A note was accordingly drawn and signed by them February 27, 1876, which was made payable to Pulling or order, and dated on that day, which was Sunday. On the next day Samuel B. Wessels went to Pulling with the note and delivered it to him. The money to be loaned on it was received. Pulling died soon after, and the note was transferred by the administrator to plaintiff.

Defendant contends that he is not liable because the note was executed on Sunday, and it does not appear that he gave authority for its delivery at any other time. And authority to deliver, given on Sunday, would be equally void with the execution on that day.

The point is not well taken. Pulling performed no act in relation to the loan or the note on Sunday, and it does not appear that he knew any one else was to do so or did do so. He made the loan on a week day and received the note on another week-day. And he received it from one of the two parties who was to give it, and he had a right to assume that that party had proper authority from the other to make the delivery. The presumption of such authority is, under the circumstances, conclusive.

The judgment in the circuit court was for the plaintiff, and it must be affirmed.

The other Justices concurred.